P_Prob12.frm
(Rev. 12/04)



FILED ___ LODGED
___ RECEIVED ___ COPY

AUG 3 0 2005

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
for
DISTRICT OF ARIZONA

United States v. Lachelle S. Boswell        Docket No. 04CR50082-001-TUC-FRZ

(CRP)

**Petition to Revoke Probation**

**COMES NOW PROBATION OFFICER** Dee Mosley presenting an official report on Lachelle S. Boswell who was placed on probation on June 14, 2004, by the Honorable Ralph R. Beistline presiding in the District of Alaska. On September 2, 2004, jurisdiction was transferred to the Honorable Frank R. Zapata presiding in the District Court of Arizona. A 48-month period of probation was imposed. In addition to the general terms and conditions adopted by the court in General Order 99-9, the offender was ordered to comply with the following special conditions:

1. The defendant shall submit to warrantless search of person, residence, vehicle, or place of employment at a reasonable time and in a reasonable manner, based upon reasonable suspicion or the presence of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation.

2. The defendant shall provide the probation officer access to any requested financial information and shall not incur any new debts or apply for credit without the prior approval of the probation officer.

3. The defendant shall participate in and fully comply with either or both inpatient or outpatient mental health treatment program approved by the United States Probation Office, when deemed appropriate. At the direction of the probation officer, the defendant may be required to pay for all or a portion of any treatment program.

4. The defendant shall not possess a firearm, destructive device, or other weapon.

5. The defendant shall pay restitution to Key Bank in the amount of $18,111.18, due in full immediately, or on a schedule to be determined by the U.S. Probation Officer. Any fine, restitution, or special assessment imposed shall be due and owing immediately. (If restitution is paid in full before probation has expired, interest will be waived.)

6. The defendant shall pay to the United States a special assessment of $100, which shall be paid immediately to the Clerk of the Court.

Lachelle S. Boswell was convicted of bank larceny, a class C felony.

Copies Distributed

PO, PSA, USM, FRZ, CRP
(CC)

Page 2
U.S.A. v. Lachelle S. Boswell
Docket No. 04CR50082-001-TUC-FRZ
August 23, 2005

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

**A.    VIOLATION OF STANDARD CONDITION NO. 1:** You shall not commit another federal, state, or local crime during the term of supervision. Violation of this condition constitutes a Grade B violation. §7B1.1(a)(2).

On July 21, 2005, Boswell purchased a vehicle by falsely stated her "uncle" would co-sign, and she provided the dealership with a copy of a driver license belonging to Williard Ray Lennon, III, who is not her uncle and she did not have his permission to do so. Subsequently, she drove the vehicle from the dealership. Boswell's actions constitute the following offenses: 1) fraudulent schemes and artifices, in violation of A.R.S. § 13-2310, a class 2 felony; 2) theft of a means of transportation, in violation of A.R.S. § 13-1814, a class 3 felony; and 3) identity theft, in violation of A.R.S. § 13-2008, a class 4 felony. All of these offenses are punishable by a term of imprisonment exceeding one year. Currently, formal charges are pending in Cochise County Justice Court Case No. CR-20051637.

**B.    VIOLATION OF STANDARD CONDITION NO. 7:** You shall notify the probation officer at least ten days prior to any change of residence or employment. Violation of this condition constitutes a Grade C violation. §7B1.1(a)(3)(B).

On August 8, 2005, Boswell gave her employer verbal notice of her resignation effective as of August 10, 2005. This information was verified by store manager, Diane Alley. Boswell failed to notify the probation officer of her resignation.

## AFFIDAVIT AND PETITION PRAYING THAT THE COURT WILL ORDER A WARRANT BE ISSUED

In conformance with the provision of 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge. Based on the information presented that the offender has violated conditions of supervision, I am petitioning the Court to issue a warrant.

| REDACTED SIGNATURE | 8/23/05 |
|---|---|
| Dee Mosley<br>U.S. Probation Officer | Date |

Reviewed by

| REDACTED SIGNATURE | 8/23/05 |
|---|---|
| David J. Ouellette<br>Supervisory U.S. Probation Officer | Date |

Page 3
U.S.A. v. Lachelle S. Boswell
Docket No. 04CR50082-001-TUC-FRZ
August 23, 2005

Reviewed by

_Claire /s/ Leflit_      _8-25-05_
Assistant U.S. Attorney      Date

## ORDER OF COURT

I find there is probable cause to believe the offender has violated conditions of supervision, supported by the above affirmation given under penalty of perjury. The Court orders the issuance of a warrant. Considered and ordered this _29th_ day of _August_, 20_05_ and ordered filed and made a part of the records in the above case.

**REDACTED SIGNATURE**

The Honorable Frank R. Zapata
U.S. District Judge

Defense Counsel:

407 West Congress Street
Suite 501
Tucson, Arizona 85701-1310

Prob.Viol.Memo(2/05)

# UNITED STATES DISTRICT COURT
# PROBATION OFFICE
## DISTRICT OF ARIZONA

# MEMORANDUM

**DATE:**     August 23, 2005

**FROM:**     Dee Mosley
              U.S. Probation Officer

**RE:**       LACHELLE S. BOSWELL
              Docket No. 04CR50082-001-TUC-FRZ
              PROBATION VIOLATION REPORT
              REQUEST FOR WARRANT

**TO:**       The Honorable Frank R. Zapata
              U.S. District Judge

## VIOLATIONS

Attached is a petition requesting a bench warrant for the defendant based on violations of her term of probation. A warrant is being sought due to the offender's commission of new crimes and failure to notify the probation officer of change in employment.

## RANGE OF IMPRISONMENT APPLICABLE UPON REVOCATION

Pursuant to §7B1.1(b), when there is more than one violation of conditions of supervision, the grade of the violation is determined by the violation having the most serious grade.

A Grade B violation combined with a Criminal History Category I results in a revocation range of four to 10 months imprisonment. §7B1.4(a). Provisions of Chapter 7, including the revocation range, are policy statements intended to provide guidance and are not binding on the court. §7A1.

If the court provides sufficient reasons, the court has the authority to sentence outside the range recommended by the Chapter 7 policy statements and sentence the defendant to a term of imprisonment not to exceed the statutory maximum of 10 years, so long as the court has also considered the original sentencing guideline range (0 to 6 months) and the revocation policy statement range (4 to 10 months for a Grade B violation and 3 to 9 months or a Grade C violation). However, a sentence above both the original sentencing guideline range applicable to the underlying offense and the policy statement's revocation range would require the court to make a finding that there are circumstances warranting such a departure.

## SENTENCING OPTIONS

Upon a finding of a Grade B violation, the court shall revoke probation. §7B1.3(a)(1).

In the case of a Grade B violation where the minimum term of imprisonment determined under §7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition

Page 2
U.S.A. v. Lachelle S. Boswell
Docket No. 04CR50082-001-TUC-FRZ
August 23, 2005

that substitutes community confinement or home detention according to the schedule in §5C1.1(e) for any portion of the minimum term. §7B1.3(c)(1).

Any term of imprisonment imposed upon the revocation of probation shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation.§7B1.3(f).

Where probation is revoked and a term of imprisonment is imposed, the provision of §5D1.1-1.3 shall apply to the imposition of a term of supervised release. §7B1.3(g)(1).

### RELEVANT FACTORS FOR IMPOSITION OF STATUTORY MAXIMUM SENTENCE

No case-specific factors have been identified as potentially relevant in determining the level of trust violated, the extent of any potential departure from the policy statement range and the appropriateness of a sentence beyond the revocation range, including the statutory maximum.

While the probation officer has not identified any factors relevant to sentencing outside the revocation policy range, this does not preclude the court or counsel from considering any factors at the dispositional hearing.

### OFFICIAL DETENTION/UNSERVED SANCTION ADJUSTMENT

Any outstanding restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under §7B1.4. §7B1.3(d). In this case the defendant has an outstanding restitution balance of $ 17,961.18 that shall be ordered to be paid in addition to the revocation sentence.

Where the court revokes probation and imposes a term of imprisonment, it shall increase the term of imprisonment by the amount of time in official detention that will be credited toward service of the term of imprisonment under 18 USC § 3585(b), other than time in official detention resulting from the federal probation violation warrant or proceeding. §7B1.3(e). Available records indicate there was no official detention that will be credited.

### ADJUSTMENT TO SUPERVISION

On June 14, 2004, Lachelle S. Boswell was sentenced to four years probation.

On that same date, Boswell was ordered to pay $18,111.18 in restitution. Records indicate she made one payment of $250 on May 19, 2005; however, there have been no other payments.

Boswell has failed to submit monthly supervision reports for May, June, and July 2005.

On July 21, 2005, Boswell purchased a vehicle at a dealership in Sierra Vista, Arizona. She submitted a check for $1,000 as a down payment; however, her credit history was not satisfactory for securing financing for the vehicle. Boswell informed the salesperson that her uncle would co-sign for the vehicle, and she presented a photocopy of a driver license, which belonged to Willard Ray Lennon, III. The salesperson allowed Boswell to take the vehicle pending a credit application.

Page 3
U.S.A. v. Lachelle S. Boswell
Docket No. 04CR50082-001-TUC-FRZ
August 22, 2005

On August 10, 2005, Lennon contacted the dealership because he received license plates in the mail for a 2005 Nissan Altima; however, he does not own and never purchased said vehicle. Lennon was informed that Boswell purchased the vehicle and listed him as the co-signer. Lennon stated he did not know Boswell and he never agreed to co-sign a vehicle for her. The salesperson contacted the police.

A police investigation revealed Lennon purchased furniture on credit from a store in Sierra Vista, Arizona. Because he purchased the furniture on credit, Lennon provided his identification to the salesperson. Boswell was employed at the furniture store; however, she denied using Lennon as the co-signer for her newly purchased vehicle. Nevertheless, Lennon's name appeared on the vehicle registration. Boswell was arrested and charged with fraudulent schemes and artifices, theft of a means of transportation, and identity theft. Records indicate charges against the offender are pending in Cochise County Justice Court Case No. CR-20051637.

According to the furniture store manager, Diane Alley, on August 8, 2005, the offender resigned from her employment as a salesperson effective August 10, 2005. Boswell failed to notify the probation officer of her change in employment status.

**Victim Notification Required**   ☒ Yes   ☐ No

## RECOMMENDATION

It is respectfully recommended the court approve the attached petition and issue a warrant.

Submitted by:
REDACTED SIGNATURE         Date: 8/23/05

Dee Mosley
U.S. Probation Officer

Reviewed by:

REDACTED SIGNATURE         Date: 8/23/05

David J. Ouellette
Supervisory U.S. Probation Officer


☒ APPROVE
☐ DISAPPROVE
☐ CONSULT THE COURT

REDACTED SIGNATURE         Date: 8-29-05

Frank R. Zapata
U.S. District Judge